Filed 8/11/14  P. v. Esparza CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B254931 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA103819) |
| v. | |
| FIDEL ESPARZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed.

Doreen B. Boxer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Fidel Esparza appeals from a judgment sentencing him to serve two years in county jail for convictions on one count of second degree commercial burglary and one count of felony petty theft with prior theft-related convictions. (Pen. Code, §§ 459; 666, subd. (a) & 484; 654; 1170, subds. (h)(1) & (h)(2).)[1] We affirm.

**FACTS**

Esparza walked into a Kohl's department store in La Verne and was observed by Hilary Deaner, a loss prevention supervisor at the store. Deaner recognized Esparza from 10 or more "suspicious even exchange" transactions in which he exchanged merchandize without a receipt and receive store credit or a different item. Deaner was so familiar with Esparza that she had nicknamed him as "Even Exchange Guy."

Using the store's closed circuit television system, Deaner watched Esparza and a female companion as they meandered their way toward the customer service counter. As she watched, Deaner observed Esparza pick up a Godiva chocolate bar from the register area without paying for it, eat part of it as he continued walking, and put the remaining part into his pocket. In the electronics area, Esparza picked up two sets of "Sol" brand earphones and concealed them up his sleeve. In the customer service area, Esparza put his hand into his backpack; when he took his hand out of the backpack, his sleeve no longer looked "boxy in shape." Esparza then put an item on a bin next to his companion. She picked up the item, and then took the item to the customer service counter and proceeded with what appeared to be an even exchange. Esparza joined his companion, and appeared to participate in the transaction. (Deaner later confirmed with the employee at the counter that it had been an even exchange transaction involving Sol earphones.) After the transaction, Esparza and his companion walked through other departments in the store, and then, about 16 minutes after they had first entered the store, Esparza and his companion walked back outside of the store. They never paid for any item.

---

[1] All further section references are to the Penal Code.

Deaner and the store manager approached Esparza and his companion outside the store, and asked them to return inside. In the loss prevention office, Deaner recovered a partially-eaten chocolate bar and a Kohl's employee lanyard with keys from Esparza; his female companion had earphones in a Kohl's bag from the even exchange transaction at the customer service counter.

The police were contacted, and La Verne Police Officer Keith Garwick responded to the Kohl's store. Officer Garwick and Deaner discussed whether she wanted to make a citizen's arrest, and she replied that she did. After Deaner had signed and dated a police department form used to memorialize private citizen arrests, Officer Garwick spoke with Esparza, and searched his backpack "as part of the arrest process," finding a set of Sol earphones.

In December 2013, the People filed an information charging Esparza with second degree commercial burglary (count 1; § 459), felony petty theft with prior theft-related convictions (count 2; §§ 666, subd. (a), & 484); and receiving stolen property (count 3; § 496, subd. (a).) Before trial, the trial court granted Esparza's motion to bifurcate trial of the alleged prior theft-related convictions underlying the felony petty theft offense charged in count 2, and Esparza admitted he had suffered prior theft-related convictions in three separate cases. The charges were tried to a jury in February 2014, at which time the prosecution presented evidence establishing the facts that are summarized above. In addition, over Esparza's objection, the prosecution presented evidence that Esparza was involved in a similar incident of taking earphones and an even exchange transaction in a different Kohl's store three days before the incident at the Kohl's store in La Verne. Esparza did not present any defense evidence; his trial counsel largely argued reasonable doubt.

On February 21, 2014, the jury returned verdicts finding Esparza guilty of second degree commercial burglary as charged in count 1, and guilty of petty theft, "a felony," as charged in count 2. The jury found Esparza not guilty of the offense of receiving stolen property as charged in count 3.

3

On March 12, 2014, the trial court sentenced Esparza to serve two years in county jail on count 1. The court ordered sentence as to count 2 stayed pursuant to section 654. The court ordered Esparza to pay $300 in victim restitution (§ 1202.4, subd. (b)), along with other usual fines, fees and assessments, and ordered him to provide a buccal swab sample (§ 296).

Esparza filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Esparza on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We notified Esparza by letter that he could submit any claim, argument or issues that he wished our court to review. Esparza has not filed any claim or argument. We have independently reviewed the record on appeal, and are satisfied that appointed counsel fulfilled her duty, and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.

BIGELOW, P. J.

We concur:

FLIER, J.

GRIMES, J.

4